```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
MUJAE GROUP, INC.,                                              :
                                                                :     ORDER GRANTING IN PART
                                 Plaintiff,                     :     AND DENYING IN PART
                                                                :     DEFENDANTS' MOTION TO
             v.                                                 :     DISMISS
                                                                :
SPOTIFY USA INC., et al.,                                       :     20 Civ. 6719 (AKH)
                                                                :
                                 Defendants.                    :
--------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff is an application developer, and Defendants are a popular audio streaming service. On April 30, 2020, Plaintiff commenced this action against Defendants, alleging, (i) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, (ii) misappropriation of trade secrets under New York law, (iii) misappropriation of ideas under New York law, (iv) unfair competition under New York law, (v) misappropriation of skills and expenditures under New York law, and (vi) unjust enrichment under New York law. *See* ECF No. 23 ("Amended Complaint"). Defendants now move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 40. The Court held a hearing on January 7, 2021, on the instant motion to dismiss. For the reasons discussed below as well as stated on the record, Defendants' motion to dismiss is granted in part and denied in part.

        Defendants argue, as a threshold matter, that Plaintiff's claims for misappropriation of trade secrets under federal and New York law should be dismissed as time-barred. *See* ECF No. 41, at 6. Accepting "as true all of the factual allegations contained in the [Amended Complaint]," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007), drawing "all inferences in the light most favorable to the non-moving party's favor," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007), and determining whether the Amended Complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is

1

plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted), the Court finds that the Amended Complaint plausibly pleads that Plaintiff had no reason to suspect any misuse of its confidential information by Defendants prior to the release of Spotify Ad Studio in September 2017, and misappropriation of Plaintiff's trade secrets is, until this date, a continuing tort. *See Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 178 (E.D.N.Y. 2018); *CSFB HOLT LLC v. Collins Stewart Ltd.*, No. 02 CIV. 3069(LBS), 2004 WL 1794499, at *8 (S.D.N.Y. Aug. 10, 2004). The federal and New York misappropriation of trade secrets claims are, therefore, not time-barred.

With respect to the two misappropriation of trade secret claims, viewing the Amended Complaint under the *Twombly* and *Iqbal* standards, the Court finds that the Amended Complaint describes Plaintiff's trade secrets with sufficient specificity "to inform [Defendants] of what they are alleged to have misappropriated." *Medidata Sol., Inc. v. Veeva Sys. Inc.*, 2018 WL 6173349, at *3 (S.D.N.Y. Nov. 26, 2018). The Court further finds that Defendants' assurance to keep any information shared by Plaintiff confidential constitutes "an agreement, confidential relationship or duty" to maintain secrecy, *Medtech Prods., Inc. v. Ranir, LLC*, 596 F.Supp.2d 778, 803 (S.D.N.Y. 2008), and Plaintiff sufficiently protected the claimed trade secrets with password and nondisclosure agreements. *See ExpertConnect, LLC v. Fowler*, 2019 WL 3004161, at *4 (S.D.N.Y. July 10, 2019) (holding that a trade secret plaintiff must allege reasonable steps to protect its trade secrets, such as requiring employees to enter into NDAs and protecting trade secrets through "password protected entry points"). Accordingly, Defendants' motion to dismiss is denied with respect to the First, Second, and the attendant Sixth Counts of the Amended Complaint. The remaining counts of the Amended Complaint, namely, misappropriation of ideas under New York law, unfair competition under New York law, and misappropriation of skills and expenditures under New York law, are duplicative of the misappropriation of trade secret counts. *See Town & Country Linen Corp. v. Ingenious Designs*

*LLC*, 436 F. Supp. 3d 653, 667 (S.D.N.Y. 2020); *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 267 (E.D.N.Y. 2016); *see also* Fed. R. Civ. P. 12(f).  As such, Defendants' motion to dismiss is granted with respect to the Third, Fourth, and Fifth Counts of the Amended Complaint.

For the foregoing reasons, as well as the reasons stated on the record and incorporated herein, Defendants' motion to dismiss is granted with respect to the Third, Fourth, and Fifth Counts of the Amended Complaint, and denied with respect to the First, Second, and Sixth Counts of the Amended Complaint.  Plaintiff shall file a second amended complaint by January 14, 2021, removing the dismissed causes of actions and allegations as to personal jurisdiction.  Defendants shall file their answer by February 4, 2021.  The parties shall appear for a status conference at 10:00 a.m., on February 26, 2021, to discuss a case management plan.  The Clerk is directed to terminate the open motion (ECF No. 40).

SO ORDERED.

Dated:  January 7, 2021                                   /s/    Alvin K. Hellerstein
        New York, New York                              ALVIN K. HELLERSTEIN
                                                  United States District Judge