```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
MUJAE GROUP, INC.,                              :
                                                :
                                                :   ORDER RESOLVING
                        Plaintiff,              :   DISCOVERY DISPUTES
                                                :
            v.                                  :   20 Civ. 6719 (AKH)
                                                :
SPOTIFY USA INC., et al.,                       :
                                                :
                        Defendants.             :
--------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

    The parties submitted two letters apprising the Court of their disputes concerning the proposed protective order and proposed ESI order. *See* ECF Nos. 67, 69. With respect to the proposed protective order, the parties disagree whether Mr. Nadeem Mughal, Plaintiff's sole corporate representative, may view Defendants' "Attorneys' Eyes Only" information ("AEO Information"). With respect to the proposed ESI order, the parties disagree whether employee personal social media data and personal cellphones not issued by the employer are subject to party discovery. The Court addresses each dispute in turn.

    A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(e)(1) authorizes courts, for good cause shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "One situation in which it may be desirable to limit the persons who are to be present is when a deposition or other form of discovery is likely to elicit confidential information that could be harmful in the hands of a competitor." 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2041 (3d ed. 2010). "When a protective order is issued for this reason it is commonly combined with requirements, imposed under the authority

1

of the next two subsections of Rule 26(c), that the information obtained is to remain sealed and that the parties are to make no disclosure of what was learned." *Id.* "In the same vein, a court may order that confidential information not be disclosed to the client by the attorney." *Id.* Indeed, as the Second Circuit noted, "[t]he disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets." *In re The City of New York*, 607 F.3d 923, 935 (2d Cir. 2010). Here, Mr. Mughal is Plaintiff's sole employee. Providing Mr. Mughal with unfettered access to Defendants' AEO information risks disclosing Defendants' trade secrets to a person capable of competitive decision-making, precisely what the proposed AEO provision intends to prevent. Also, as noted in the joint letter, Plaintiff retained a team of sophisticated counsel trained in both law and engineering. *See* ECF No. 67, at 5 n.3. Plaintiff may rely on its counsel to review and analyze any AOE information. The Court therefore denies Plaintiff's application to grant Mr. Mughal access to Defendants' AEO information, without prejudice to renewal pursuant to procedures set forth in the proposed protective order after counsel's inspection.

With respect to Plaintiff's request to access third-party employees' personal cellphone and social media data, the Court is guided by the Second Circuit's dictum that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79–80 (2d Cir.) (quoting *United States v. Biaggi (In re New York Times Co.)*, 828 F.2d 110, 116 (2d Cir.1987). Plaintiff has not identified any specific individuals whose personal cellphone and social media data it seeks to obtain. Without the benefit of any narrowly tailored justifications, the Court is unwilling to grant Plaintiff blanket access to third-party private information at this time. The Court therefore denies Plaintiff's request to access third-party employees' personal cellphone and social media data, without prejudice to renewal after the identification of specific custodians.

The parties shall submit their proposed protective order and ESI order consistent with the Court's rulings. The Clerk of Court shall terminate the open motion to enter opposed proposed order (ECF No. 60), as it was withdrawn (ECF No. 62).

SO ORDERED.

Dated: June 30, 2021　　　　　　　　　　　　　　/s/
New York, New York　　　　　　　　ALVIN K. HELLERSTEIN
　　　　　　　　　　　　　　　　　United States District Judge