## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUJAE GROUP, INC., d/b/a VOXTONEPRO, | |
| Plaintiff, | |
| v. | Case:1: 20-cv-06719-AKH |
| SPOTIFY USA INC. and SPOTIFY AB, | |
| Defendants. | |

### STIPULATED PROTECTIVE ORDER

The parties to the above captioned action (the "**Action**") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this Action and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("**Order**" or "**Protective Order**"). To the extent this Order conflicts with any other order, this Order shall control.

### 1. PURPOSES AND LIMITATIONS

(a) Protected Material designated under the terms of this Protective Order shall only be used by a Receiving Party for purposes of discovery, preparation,

trial, and appeal of this Action, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2.     DEFINITIONS

(a)     The definitions contained in the Southern District of New York's Local Civil Rule 26.3 are incorporated herein.

(b)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this Action, including third party discovery pursuant to Rule 45.

(c)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this Action.

(d) "Party" means any party to this Action, including all of its officers, directors, employees, and Outside Counsel and their support staffs.

(e) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this Action.

(f) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) information that has been published or disclosed to the public or third persons in a manner making such information no longer confidential; (ii) information that is already in the knowledge or possession of the Receiving Party to whom disclosure is made unless the Receiving Party is already bound by agreement not to disclose such information.

(g) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h) "Remote-Access Computer" means a secure, password protected computer to be provided by the Producing Party to the possession of the Receiving Party that shall be used for no purpose other than remotely accessing the Standalone Computer, as defined herein, for performing the review of Source Code as governed by this Protective Order.

(i) "Source Code" means computer code, scripts, assembly, binaries, source code listings, and object code listings and descriptions of object code.

(j)     "Stand-Alone Computer" means a secure, password protected computer in the possession of the Producing Party that shall be remotely accessible by the Receiving Party through the Remote-Access Computer, as defined herein, for performing the review of Source Code as governed by this Protective Order.

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6(a).

4.     **SCOPE**

(a)     The protections conferred by this Order cover Protected Material governed by this Order and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 5. DURATION

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

(a) <u>Basic Principles</u>. All Protected Material shall be used solely for this Action, and not for any other purpose whatsoever, including, without limitation, any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b) <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c) <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d) <u>Limitations</u>. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party and not through a breach of this Order; (ii) that is demonstrably in the possession of the Receiving Party at the time of disclosure hereunder (with the burden of proof of establishing the same on the

Receiving Party); (iii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iv) previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (v) with the consent of the Producing Party; or (vi) pursuant to an order of the Court.

       (e)    <u>Third Party Vendors</u>.  Outside Counsel is responsible for the adherence by third party vendors to the terms and conditions of this Protective Order and may fulfill this obligation by obtaining a signed copy of Exhibit A from such vendors.

## 7.    <u>DESIGNATING PROTECTED MATERIAL</u>

       (a)    <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for in Sections 8(a), 9(a), and 10(a): "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

       (b)    <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Section 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium,

container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, such inspection shall be by persons authorized by Section 8(b) and the original documents shall be presumed "CONFIDENTIAL" during the inspection and re-designated, as appropriate during the copying process.

(c) <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When such electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Disclosing Party and including the production number and designation associated with the native file.

(d) <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate information disclosed during depositions and other testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," by requesting on the record to so designate the transcript or any portion thereof at the time

the testimony is given or by sending written notice to the other Parties or to the reporter of such designation within fourteen (14) days of receipt of the transcript of the testimony. If no indication on the record is made at the deposition or within the fourteen (14) day period (during which period, the transcript must be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless the Disclosing Party consents to less confidential treatment), all information disclosed during a deposition shall be considered devoid of any Protected Material. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order. Outside Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel and any copying or clerical litigation support services working at the direction of such counsel;

(ii)     Four (4) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this Action;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work , and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Any persons requested by counsel to furnish services such as document coding, image scanning, the creation of any computer database from documents, graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(ix)     Any person shown on the face of the Discovery Material to have authored or received it, and any person who had lawful access to the Discovery Material outside the terms of this Protective Order;

(x)      Any other person with the prior written consent of the Producing Party;

(xi)     Any deponent who has been designated as a corporate representative of the Producing Party regarding matters reasonably related to the Protected Material;

(xii)    If the Court so elects, any other person designated by order of this Court after notice to all Parties and hearing.

9.  **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects especially confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, the Receiving Party may disclose Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Two (2) of the Receiving Party's in-house counsel, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this Action;

(iii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)        The Court, jury, and court personnel;

(vi)       Any persons requested by counsel to furnish services such as document coding, image scanning, the creation of any computer database from documents, graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)      Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(ix)       Any person shown on the face of the Discovery Material to have authored or received it, and any person who had lawful access to the Discovery Material outside the terms of this Protective Order;

(x)        Any other person with the prior written consent of the Producing Party;

(xi)       Any deponent who has been designated as a corporate representative of the Producing Party regarding matters reasonably related to the Protected Material; and

(xii)      If the Court so elects, any other person designated by order of this Court after notice to all Parties and hearing.

**10. DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE"**

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the Action, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or commercially sensitive information.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" may be disclosed solely to:

(i)     The Receiving Party's Outside Counsel, such counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) such expert or consultant is not a current officer, director, or

employee of any Party to this Action, nor anticipated at the time of retention to become an officer, director or employee of any Party to this Action;

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)    The Court, jury, and court personnel;

(v)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(vi)    Any person shown on the face of the Discovery Material to have authored or received it, and any person who had lawful access to the Discovery Material outside the terms of this Protective Order, provided that if such person is a former employee, partner, or affiliate of a Party, such person agrees to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Any other person with the prior written consent of the Producing Party;

(viii)    Any deponent who has been designated as a corporate representative of the Producing Party regarding matters reasonably related to the Protected Material;

(ix)    If the Court so elects, any other person designated by order of this Court after notice to all Parties and hearing.

## 11.      DISCLOSURE AND REVIEW OF SOURCE CODE

(a)      Source Code that is designated "HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for
inspection and review to the Receiving Party's outside counsel and/or experts subject to
the following provisions, unless otherwise agreed by the Producing Party:

(b)      Any Source Code that is produced shall be provided through a
Remote-Access Computer that provides remote access to the Stand-Alone computer(s).
The Producing Party shall provide one Remote-Access Computer to the Receiving
Party.  The Receiving Party shall not attempt to disable, defeat, or sidestep any security
measures on the Remote-Access Computer or the Stand-Alone Computer.  Nor shall the
Receiving Party transfer any data from the Stand-Alone Computer or otherwise access
the Stand-Alone Computer through means other than through the Remote-Access
Computer using the means provided by the Producing Party on the Remote-Access
Computer.

(c)      The Remote-Access Computer shall be accessed only in a
location where it cannot be viewed by any person who is not permitted to view Source
Code pursuant to Section 10(c) of this Protective Order (the "Secure Location").  The
Remote-Access Computer shall not be used to create screenshots of the source code, to
print any files directly (as opposed to the printing procedure in Section 11(h), which
remains available to the Receiving Party), to download any files from the Stand-Alone
Computer, or to take notes.  The Receiving Party's outside counsel and/or experts shall
be entitled to take notes relating to the Source Code but may not copy the Source Code

into the notes and may not take such notes electronically on the Remote-Access Computer or any other computer. The Receiving Party is not permitted to take photographs or video of, or to otherwise record, the information on the screen of the Remote-Access Computer. Additionally, no recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Secure Location except as required under Section 11(e) below.

(d)     The Receiving Party must provide notice to the Producing Party seven (7) days prior to any Source Code review session, and such notice must include the identification of the specific Source Code the Receiving Party intends to inspect.

(e)     Whenever the Receiving Party reviews Source Code, the Receiving Party must provide video access (i.e. via FaceTime, WebEx, Zoom, etc.) to the Producing Party so that the Receiving Party is able to exercise personal supervision of the Receiving Party. The video access shall be akin to monitoring a review of a Stand-Alone Computer through a window to a conference room. Such video access, however, shall not entail review of any work product generated by the Receiving Party, e.g., monitoring the screen of the Remote-Access Computer, monitoring any surface reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the Receiving Party.

(f)     Whenever the Receiving Party reviews Source Code, the Producing Party may, in addition to supervising the review per Section 11(e), make an automated recording of the Receiving Party's Source Code review activity (i.e., a screen

recording or automated list of the actions taken by the reviewer on the Stand-Alone Computer, as accessed by the reviewer through the Remote-Access Computer) by using a recording feature on the Stand-Alone Computer. However, the Producing Party shall not review any such automated recording of the code review activity unless a dispute arises about whether the Receiving Party has complied with the remote-access review protocol described in this Section 11, in which case the Producing Party may review the recording solely to determine whether this Protective Order has been violated.

(g)     No copies of all or any portion of the Source Code may leave the Secure Location in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(h)     The Receiving Party may request that Producing Party print limited portions of the Source Code provide such printed portions to Receiving Party, when reasonably necessary for the Receiving Party to prepare its claims or defenses in the Action, including court filings, pleadings, or other papers (including a testifying expert's expert report or affidavit). Upon printing any such portions of Source Code, the Producing Party shall Bates number, copy, and label the printed pages "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" and provide a copy of the so-marked printed pages to the Receiving Party. Any printed portion that consists of more than 25 pages of a continuous block of Source Code shall be presumed to be excessive. The Receiving Party may request the print -out of no more than  750 pages of Source Code absent the written consent of the Producing Party

or an Order of the Court.  If the Producing Party objects that the requested printed portions of the Source Code are not being requested for a permitted purpose, the parties shall meet and confer within three (3) business days following such objection.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek the Court's resolution of whether the print-out of the Source Code was request for a permitted purpose.  Upon resolution of the objection by the parties or by the Court, or if the objection is otherwise retracted by the Producing Party, the printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(i)     Only those individuals identified in Section 10(c)(i),10(c)(ii), 10(c)(vii), and 10(c)(ix) may review a Producing Party's Source Code.  Any individual who will review a Producing Party's Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least seven (7) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  If the Producing Party objects that any individual seeking to review Source Code is not authorized pursuant to Section 10(c) (i), the parties shall meet and confer within three (3) business days following such objection.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek the Court's resolution of whether the

challenged individual shall be permitted to review Source Code.  Pending resolution of a dispute under this Section 11(i), the challenged individual shall not be permitted to review Source Code.

(j)      Proper identification of all authorized persons reviewing Source Code shall be provided to the Producing Party upon request prior to any access to the Secure Location.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the Secure Location or the Remote-Access Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(k)      The Receiving Party will not electronically transmit any Source Code outside the offices of its Outside Counsel other than when reasonably necessary to prepare the Receiving Party's claims or defenses in the Action, including court filings, pleadings, or other papers (including a testifying expert's expert report or affidavit) unless such electronically-transmitted Source Code or document containing Source Code is encrypted.

(l)      The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices (or home offices, if rendered necessary by the current COVID-19 pandemic) in a manner that prevents unauthorized access to the Source Code, including,

without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(m)     If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, such filing shall be made under seal or the Parties shall meet and confer regarding alternate arrangements for making such a filing while protecting the confidentiality of the Source Code.

## 12.     CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     A Receiving Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The Producing Party will have seven (7) days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation.  If the parties are unable to reach agreement after the expiration of this seven (7) day time-frame, and after conducting a meet and confer by telephone, the Receiving Party may at any time thereafter seek a court order to alter the confidential

status of the designated information. The Producing Party has the burden to establish the confidential status of the designated information. **Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.**

(ii)      Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Producing Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### 13.      SUBPOENAS OR COURT ORDERS

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to Outside Counsel for the Producing Party and shall provide the Producing Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

### 14.      FILING PROTECTED MATERIAL

If any Party wishes to submit Protected Material to the Court, the submission must be made in accordance with the District Court's policy on Electronic Filing Under Seal in Civil and Miscellaneous Cases. *See* Individual Rules of the Honorable Alvin K. Hellerstein, United States District Court, Southern District of New York (effective March 18, 2020) ("No protective order shall be submitted that provides for sealing of

documents or other information in connection with a submission to the Court, except following a motion supported by competent evidence showing that sealing is essential…and narrowly tailored.").  Any Party wishing to file Protected Material under seal may not do so except following a motion supported by competent evidence showing that such sealing is essential and narrowly tailored.

15. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL AND REDACTION OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Producing Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall have five (5) business days to return or certify destruction of such Protected Material or Discovery Material and all copies to the Producing Party.

(c)     At the request of the Receiving Party, the Producing Party shall promptly provide a record containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

(d)     A Producing Party may produce a redacted version of information, documents or tangible items that counsel contends are protected from

disclosure by the attorney- client privilege, the attorney work-product protection or any other applicable privilege or protection, identifying where the privileged or immune material was redacted with the designation "RP," "Redacted Privileged," or a similar marking.

### 16. <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within seven (7) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A party may upward designate (i.e., change any documents without a designation to a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" or change any document with a designation of "CONFIDENTIAL" to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –

SOURCE CODE" or change any document with a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE") any Discovery Material produced by any other Party or Non-Party, provided that said Discovery Material contains the upward designating party's own Protected Material. Upward designation shall be accomplished by providing written notice to all parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Information to be re-designated. Any party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations. To the extent a Party seeks to add a "SOURCE CODE" designation to another party's designation of its Discovery Material, the other party's Discovery Material must contain the upward designating Party's own source code.

(c)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless it is clear on its face that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

### 17.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)    In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure shall immediately notify Outside Counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)    Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

### 18.    FINAL DISPOSITION

(a)    Not later than ninety (90) days after the Final Disposition of this Action, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including the exhaustion of all appeals, or within ninety (90) calendar days after dismissal pursuant to a settlement agreement.

(b)    All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside

counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return

of Discovery Material, Outside Counsel may retain one set of court papers, trial

transcripts, exhibits, correspondence, and attorney and consultant work product (but not

document productions) for archival purposes, provided that any such materials are

maintained and protected in accordance with the terms of this Protective Order.

### 19.      DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)      In addition to the protections provided for by Federal Rule of

Civil Procedure 26(b)(4)(B)-(D), the parties agree to exclude from discovery all draft

expert reports, expert notes.  The Parties and their testifying experts must otherwise

comply with the disclosure requirements set forth in Federal Rule of Civil Procedure

26(a)(2).

(b)      Materials, communications, and other information exempt from

discovery under Section 19 (a) shall be treated as attorney-work product for the

purposes of this Action and Order.

(c)      To the extent that privileged material relating to the Action was

prepared by the Parties or Outside Counsel on or after the commencement of this Action

on April 30, 2020, no Party is required to log any such material in a privilege log.

(d)      It is understood and agreed that if a Party discloses an expert, no

other Party shall contact the expert or subject the expert to discovery to inquire into

matters arising within the expert's consultation with the Disclosing Party, except as

provided under the Federal Rules of Civil Procedure.

## 20. MISCELLANEOUS

(a)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court for good cause shown in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction.  The Parties agree that the Court shall retain jurisdiction after Final Disposition of this Action to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors.    This  Order  shall  be binding upon  the Parties hereto,  their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of New York.

(g)     Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, or the Court's own orders, except as expressly stated.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, or the Court's own orders.

(h)     Party's Use of Own Material.  Nothing in this Order shall limit any Producing Party's use or disclosure of its own "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material.

### 21. <u>OTHER PROCEEDINGS</u>

By entering this order and limiting the disclosure of information in this case, the

Court does not intend to preclude another court from finding that information may be

relevant and subject to disclosure in another case.  Any person or party subject to this

order who becomes subject to a motion to disclose another party's information designated

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE,"

pursuant to this order shall promptly notify that party of the motion so that the party may

have an opportunity to appear and be heard on whether that information should be

disclosed.

SO STIPULATED AND AGREED.

/s/Michael T. Zoppo
**FISH & RICHARDSON P.C.**
Michael T. Zoppo (MZ-8469)
Excylyn J. Hardin-Smith (EHS7780)
Fish & Richardson P.C.
7 Times Square, 20th Floor
New York, NY 10036
212-765-5070
zoppo@fr.com
hardin-smith@fr.com

Juanita R. Brooks *(pro hac vice)*
Cheryl Wang *(pro hac vice)*
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
858-678-5070
brooks@fr.com
cwang@fr.com

Lawrence K. Kolodney *(pro hac vice)*
Kayleigh McGlynn *(pro hac vice)*
Fish & Richardson P.C.
1 Marina Park Drive
Boston, MA 02210
617-542-5070
kolodney@fr.com
mcglynn@fr.com

Esha Bandyopadhyay *(pro hac vice)*
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
650-839-5070
bandyopadhyay@fr.com

*Attorneys for Plaintiff*
*Mujae Group, Inc. d/b/a VoxTonePRO*

/s/Roy P. Salins *(with permission)*
**DAVIS WRIGHT TREMAINE LLP**
Roy P. Salins
Sharon Schneier
Christopher L. Donati
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
roysalins@dwt.com
sharonschneier@dwt.com
chrisdonati@dwt.com

*Attorneys for Defendants Spotify USA Inc.*
*and Spotify AB*

SO ORDERED.

/s/ Hon. Alvin K. Hellerstein
July 6, 2021

**EXHIBIT A**

MUJAE GROUP, INC., d/b/a VOXTONEPRO,

Plaintiff,

v.                                                  Case:1: 20-cv-06719-AKH

SPOTIFY USA INC. and SPOTIFY AB,

Defendants.

I,_____, acknowledge and declare that I have received a copy of the Protective Order ("**Order**") in *Mujae Group, Inc. v. Spotify USA Inc. et al.*, United States District Court, Southern District of New York, Civil Action No. 1:20-cv-06719-AKH. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual:

_____

Present occupation/job description:

_____

_____

_____

Address:

_____

Dated: _____

_____
[Signature]