UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
:
MUJAE GROUP, INC., d/b/a VOXTONEPRO,   :   **ORDER REGULATING**
:   **PROCEEDINGS**
Plaintiff,   :
-against-   :   20 Civ. 6719 (AKH)
:
SPOTIFY USA, INC. and SPOTIFY AB,   :
:
Defendants.   :
:
:
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

    The parties, by joint letter of September 20, 2021 submitted pursuant to Rule 2E of my Individual Rules ("Discovery Ltr."), ask me to rule on discovery disputes. I rule as follows:

1. Defendants' ("Spotify") objections to Plaintiff's Request for Production Numbers 10 and 11 are sustained. Plaintiff argues the marketing materials are relevant because use of marketing materials constitutes use of a trade secret; but Spotify has already conceded it has used marketing materials for its Ad Studio, so there is no need to engage in discovery to prove that point. Plaintiff also asserts marketing materials are relevant to valuation of trade secrets but does not explain sufficiently why that is true. However, Plaintiff is correct that Spotify can more easily identify and produce any marketing materials that have been made public already. To the extent Plaintiff identifies specific materials that already have been, or are, publicly available, Spotify shall produce such materials related to sales made through Spotify Ad Studio.

2. Defendants' objections to Requests 1, 4, 12, and 18 of Plaintiff's Request for Production are sustained. Spotify has already agreed to produce source code for Ad Studio for the period between the time Plaintiff first contacted Spotify and the launch of Ad Studio. Any source code created *before* Plaintiff contacted Spotify certainly is not relevant. The request for all source code since the launch of Ad Studio is overbroad; it would more than double the time for which Spotify must produce source code. Plaintiff alleges Spotify had access to the entirety of Plaintiff's back-end website, misappropriated trade secrets through that access, and continues to misappropriate Plaintiff's trade secrets. SAC at ¶¶ 36–40, 58, 65. It may well be that portions of the Ad Studio source code, used and implemented after the launch of Ad Studio, are relevant. In the parties' letter, Spotify suggests a reasonable middle ground. Discovery Ltr. at 14 n.14. I adopt a modified version of that suggestion: Plaintiff must be permitted to view one version of the Ad Studio source code per three-month period since launch. Ad Studio was launched in September 2017. SAC at ¶ 44. Accordingly, Spotify must produce one version of the Ad Studio source code as of December 2017 and each March, June, September, and December in each of 2018, 2019, 2020, and 2021.

SO ORDERED.

Dated: November 10, 2021
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge