UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                  :

MUJAE GROUP, INC., d/b/a VOXTONEPRO,    :     **ORDER REGULATING**
                                    :     **PROCEEDINGS**
                          Plaintiff,     :
       -against-                         :     20 Civ. 6719 (AKH)
                                      :
SPOTIFY USA, INC. and SPOTIFY AB,         :
                                      :
                        Defendants.     :
                                      :
                                      :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

           On December 30, 2021the parties submitted a series of joint letters pursuant to

Rule 2E of my Individual Rules ("Discovery Ltr."), ask me to rule on discovery disputes.  ECF

Nos. 84–87.  The parties have been engaged in discovery since June 2021.  They now seek

resolution of four discovery disputes: (1) whether Plaintiff must identify with specificity the

trade secrets it believes were misappropriated; (2) whether Plaintiff must re-review its

designations of documents as "Confidential" and "Highly Confidential" from a recent

production; (3) the scope of my November order concerning marketing materials; (4) applicable

deadlines for the production of source code.  I resolve the disputes as follows:

           (1). Defendants request that Plaintiff, in response to Defendants' Interrogatories

Nos. 17 & 18, be required to identify the trade secrets that were allegedly misappropriated, and

in what instances that misappropriation took place.  The request is granted.  The Complaint does

not sufficiently identify the trade secrets on which plaintiff sues.  This is the key issue in this

litigation.  Plaintiff shall make its identification by February 14, 2022.  Local Rule 33.3(a) is not

to the contrary.

(2).  Defendants argue that Plaintiff improperly designated 1,959 documents as "Highly Confidential" with respect to the parties' protective order—most of the documents produced.  I question the good faith of plaintiff's conduct.  However, the Protective Order provides a clear mechanism for challenging confidentiality designations.  Section 12(b) provides that "[a]ny challenge to a designation of Discovery Material under this Order . . . shall particularly identify the documents or information that the Receiving Party contends should be differently designated," though the Producing Party has the burden of establishing the confidentiality of any given document.  Prot. Ord. § 12(b).  Defendant has failed to do that.

In the interests of efficiency, economy and good faith compliance with Discovery rules, the following sequence shall be observed.  Plaintiff shall review its production and its claims of confidentiality, and produce a revised list to Defendant by February 14, 2022.  If Defendants wish to challenge confidentiality designations, they must follow the procedure set by the Protective Order.

(3).  I ruled on November 10, 2021 that "Spotify has already conceded it has used marketing materials for its Ad Studio, so there is no need to engage in discovery to prove that point" but also noted that "to the extent Plaintiff identifies specific materials that already have been, or are publicly available, Spotify shall produce such materials related to sales made through Spotify Ad Studio."  ECF No. 81.  Defendants need only produce those materials Plaintiff specifically identifies that have already been made public.  There is no need for further clarification.  Plaintiff's request for clarification is denied.

(4).  My order of November 10, 2021 ordered Defendants to produce "one version of the Ad Studio source code per three-month period since launch."  ECF No. 81.  Plaintiff now argues that Defendants breached their obligations pursuant to that order by not producing source code, and request attorneys' fees.  Defendants shall comply with my order by February 21, 2022,

2

promptly after Plaintiff identifies the trade secrets that it alleges Defendant misappropriated.

Plaintiff's request for attorneys' fees is denied.

            The disputes having been resolved, the conference scheduled for February 1, 2022

is canceled.

            SO ORDERED.

Dated:         January 31, 2022                 /s/ Alvin K. Hellerstein
                New York, New York           ALVIN K. HELLERSTEIN
                                              United States District Judge