

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Christopher L. Donati**
212.603.6422 tel
212.379.5207 fax

chrisdonati@dwt.com

April 18, 2022

The Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

The request to seal is granted. So ordered.
/s/ Alvin K. Hellerstein
April 18, 2022

Re:   *Mujae Grp., Inc. d/b/a VoxTonePRO v. Spotify USA Inc. & Spotify AB*,
      No. 1:20-cv-06719-AKH

Dear Judge Hellerstein:

This firm is counsel to Defendants Spotify USA Inc. and Spotify AB (collectively, "**Spotify**"). We write pursuant to Your Honor's Individual Rule 4.B, Rule 5.2(d) of the Federal Rules of Civil Procedure, Standing Order 19-MC-583, Section 6 of the SDNY Electronic Case Filing Rules and Instructions, and Section I.H of the Manual on CM/ECF Sealed Filings in Unsealed Civil and Miscellaneous Cases to request that the Court seal the document filed at ECF. No. 98, Ex. D (the "**Affiliation Agreement**").[1]

Although there is a "long-established general presumption in favor of public access to judicial documents," certain sensitive documents and information can overcome this presumption. *Bernstein v. O'Reilly*, 307 F.Supp.3d 161, 165 (S.D.N.Y. 2018) (citation and internal quotation marks omitted). In determining whether a motion to seal should be granted, (1) "the [c]ourt must first determine whether such document is a 'judicial document;'" (2) "the court must determine the weight of the presumption of access, which 'must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts;'" and (3) "a court must then balance the weight of that presumption against 'competing considerations,' including 'the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure.'" *Partneros v. Barnes & Noble, Inc.,* No. 18-cv-7834, 2019 WL 10966199, at *1 (S.D.N.Y. Aug. 16, 2019) (quoting *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006)).

The Protective Order agreed to by the parties and entered by the Court permits parties to use a "Highly Confidential – Attorneys' Eyes Only" designation. *See* Protective Order, ECF No. 75, § 9(a). This designation is warranted only where material "contains or reflects confidential, proprietary, and/or commercially sensitive information." *See id.* Plaintiff, who produced this

---

[1] Spotify regrets that this document was initially filed without seal. However, Spotify sent the clerks of the Southern District of New York an emergency sealing request pursuant to their procedure, and the clerk's office has temporarily placed the document under seal.

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

document to Spotify, designated the Affiliation Agreement as "Highly Confidential – Attorneys' Eyes Only."[2] Accordingly, Spotify respectfully requests, as required by the Protective Order, that the Court seal the Affiliation Agreement in accordance with Plaintiff's claim that the document warrants such protection.

    Respectfully submitted,

    DAVIS WRIGHT TREMAINE LLP

By: */s/* Christopher L. Donati
    Sharon L. Schneier
    Roy P. Salins
    Christopher L. Donati
    1251 Avenue of the Americas, 21st Floor
    New York, NY  10020
    Phone: (212) 489-8230
    Fax: (212) 489-8340
    sharonschneier@dwt.com
    roysalins@dwt.com
    chrisdonati@dwt.com

    KLARIS LAW
    Lacy H. Koonce, III
    1115 Broadway, 11th Floor
    New York, NY 10010
    Phone: (917) 612-5861
    lance.koonce@klarislaw.com

    *Attorneys for Defendants Spotify USA Inc. and Spotify AB*

---

[2] Spotify does not believe the Affiliation Agreement, which is a generic independent contractor agreement that does not appear to contain anything reflecting or concerning Plaintiff's purported trade secrets about which Plaintiff has based this case, warrants the "Highly Confidential – Attorneys' Eyes Only" designation. Spotify files this request to comply with the Protective Order and does not waive any arguments concerning whether the Affiliation Agreement should continue to bear the "Highly Confidential – Attorneys' Eyes Only" designation.